UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ------------------------------------------- | : | Hon. Stanley R. Chesler, U.S.D.J. |
| UNITED STATES OF AMERICA | : | Crim. No. 13-386 (SRC) |
| v. | : |  |
|  |  | STIPULATION AND ORDER |
| SCOTT NICOLL, | : | OF SETTLEMENT PURSUANT |
|  |  | TO 21 U.S.C. §§ 853(i)(2) & (n) |
| Defendant. | : | (Real Property, 120 Bunker Hill |
|  |  | Road, Wayne, New Jersey) |
| ------------------------------------------- | : |  |
| HERITAGE MANOR HOMEOWNERS | : |  |
| ASSOCIATION, |  |  |
|  | : |  |
| Interested Party. | : |  |
| ------------------------------------------- | : |  |

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America (the "United States"), by Paul J. Fishman, United States Attorney (Barbara A. Ward, Assistant United States Attorney), and Heritage Manor Homeowners Association, interested party herein ("Heritage Manor"), by and through its undersigned counsel, Greenbaum, Rowe, Smith & Davis LLP (Gregg H. Hilzer, Esq., appearing) pursuant to 21 U.S.C. §§ 853(i)(2) and 853(n), to compromise and settle Heritage Manor's asserted interest in the following property:

All that tract or parcel of land and premises commonly known as 120 Bunker Hill Road, situated, lying and being in the Township of Wayne, County of Passaic, State of New Jersey, 07470, referred to as Block 3510, Lot 74, on the Tax Map of the Township of Wayne,

Passaic County, New Jersey, APN 14-03510-00074, together with its appurtenances, improvements and fixtures (14-FBI-001343),

(the "Property"):

1.     Heritage Manor had a prior vested or superior interest in the Property or is a bona fide purchaser for value of its asserted right, title, or interest in the Property, and was at the time of purchase reasonably without cause to believe that the Property was subject to forfeiture.

2.     Heritage Manor consents to the entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Property to the United States for disposition according to law, subject to the terms of this Stipulation and Order.

3.     Following the Court's disposition of all petitions asserting an interest in the Property[1] and entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Property to the United States for disposition according to law, and upon the sale of the Property, the United States will consent to payment at the time of closing to Heritage Manor from the proceeds of sale, after payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees, and expenses incurred by the United States Marshals Service ("USMS") in connection with its custody and sale of the Property, the following:

(a)     All unpaid principal due to Heritage Manor under the terms of the Declaration of Trylon Construction Corporation, a New York corporation authorized to do business, and doing

---

[1] At this time, there are no other petitions or claims being asserted against the Property other than that which is held by Heritage Manor and being addressed herein.

-2-

business in the State of New Jersey as Heritage Manor, and the By-Laws of Heritage Manor Homeowners Association (the "Governing Documents") recorded in the Passaic County Register's office in Deed Book F102 at Page 62, *et seq.*, as amended, which as of February 3, 2015 amounts to **$14,320**;

(b) With respect to paragraph 3(a), *supra*, all unpaid interest at the contractual base rate (not the default rate) under the Governing Documents, that is, at **7% percent per annum** until the date of payment; and

(c) Reasonable attorney's fees and costs, in the amount of **$6,797.28**.

4.     The foregoing payments to Heritage Manor shall be in full settlement and satisfaction of all claims by Heritage Manor for payments due it in relation to the Property and of all claims arising from and relating to any seizure, detention, and forfeiture of the Property by the United States in connection with the First Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) filed November 1, 2013, forfeiting to the United States all right, title and interest of defendant Scott Nicoll in the Property.

5.     Heritage Manor agrees to release and hold harmless the United States and its agents and employees, including but not limited to the USMS, the Federal Bureau of Investigation, and the United States Attorney's Office for the District of New Jersey, in their individual and official capacities, from any and all claims by Heritage Manor and its agents that currently exist or that may arise as a result of the Government's actions against and relating to the Property.

6.     Heritage Manor agrees not to pursue against the United States any other rights that it may have under Governing Documents, including but not

limited to the right to foreclose upon and sell the Property and any right to assess additional interest or penalties.

7.     Heritage Manor understands and agrees that this Stipulation and Order constitutes a full and final settlement of its petition and that it waives any rights to litigate further its interest in the Property and further pursue remission or mitigation of the forfeiture.

8.     Heritage Manor and the U.S. Attorney's Office agree to notify each other promptly if either of them learns of any condition that might affect the sale of the Property, and to join in any motion by the other party to effect the sale of the Property, including motions to remove occupants who fail to abide by the terms of an occupancy agreement.

9.     Heritage Manor understands and agrees that the United States reserves the right to void this Stipulation if, before payment of the sums set forth in paragraph 3, *supra*, the United States obtains new information indicating that Heritage Manor was not a bona fide purchaser for value of the right, title, or interest in the Property and was at the time of the purchase reasonably without cause to believe that the Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B). The United States also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property.   In either event, the Government shall promptly notify Heritage Manor of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees but shall result in a reinstatement of all claims of

-4-

the Heritage Manor for payment in relation to the Property that are otherwise waived by the terms of this Stipulation and Order.

10.    The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation.

11.    Payment to Heritage Manor pursuant to this Stipulation is contingent upon the United States' prevailing against any other petitions or claims, none of which exist at this time, and the Court's entry of a Final Order of Forfeiture with respect to the Property. The terms of this Stipulation shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an order of the Court.

12.    This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation.

13.    The individual(s) signing this Stipulation on behalf of Heritage Manor represent and warrant that they are authorized by Heritage Manor to execute this Stipulation. The undersigned United States signatory represents that she is signing this Stipulation in her official capacity and that she is authorized to execute this Stipulation.

14.    The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

15.    This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

PAUL J. FISHMAN
United States Attorney

Dated: 5/19/15

By: BARBARA A. WARD
Assistant United States Attorney


GREENBAUM, ROWE, SMITH
  & DAVIS LLP

Dated:
5/8/2015

By: ~~GREGG~~ H. HILZER, ESQ.
Counsel for Heritage Manor Homeowners
Association, Inc.


HERITAGE MANOR HOMEOWNERS
ASSOCIATION

Dated:
5/6/2015

By:
Charlene Izone
President HOA

-6-

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

Stipulation is So Ordered.

ORDERED this 13ᵗʰ day of May , 2015.

HONORABLE STANLEY R. CHESLER
United States District Judge