2009R01422/BAW/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DAVID NICOLL,<br>Defendant. | : | Hon. Stanley R. Chesler, U.S.D.J.<br>Crim. No. 13-385 (SRC) |
| UNITED STATES OF AMERICA<br>v.<br>SCOTT NICOLL,<br>Defendant | : | Hon. Stanley R. Chesler, U.S.D.J.<br>Crim. No. 13-386 (SRC) |
| ANTHONY RIOTTO; ARR REALTY 152, LLC; AND WILLOW ASSOCIATES, LLC,<br>Petitioners/Interested Parties. | : | |

**STIPULATION AND ORDER OF SETTLEMENT OF PETITON PURSUANT TO 21 U.S.C. §§ 853(i)(2) & (n) (SDA Holdings LLC)**

WHEREAS, on or about June 10, 2013, defendant David Nicoll pleaded guilty, pursuant to a plea agreement, to Information 13 Crim. 385 (SRC) (the "Information") to conspiracy to bribe physicians, contrary to 42 U.S.C. § 1320a-

7b(b)(2)(A), N.J.S.A. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371; and money laundering, in violation of 18 U.S.C. § 1956;

WHEREAS, on or about October 23, 2013, the Court entered a First Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) as to defendant David Nicoll (the "David Nicoll Preliminary Order"). Among other things, the David Nicoll Preliminary Order divested defendant David Nicoll of all of his right, title and interest in various assets and forfeited such interests to the United States for disposition according to law, subject to the provisions governing third party interests in forfeited property set forth in 21 U.S.C. § 853(n)(1)[1];

WHEREAS, on or about June 10, 2013, defendant Scott Nicoll pleaded guilty, pursuant to a plea agreement, to Information 13 Crim. 386 (SRC) (the "Information") to conspiracy to bribe physicians, contrary to 42 U.S.C. § 1320a-7b(b)(2)(A), N.J.S.A. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371; and money laundering, in violation of 18 U.S.C. § 1956;

WHEREAS, on or about November 1, 2013, the Court entered a First Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) as to defendant Scott Nicoll (the "Scott Nicoll Preliminary Order"). Among other things, the Scott Nicoll Preliminary Order divested defendant Scott Nicoll of all of his right, title and interest in various assets and forfeited such interests to the United States for disposition according to law, subject to

[1] As incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

the provisions governing third party interests in forfeited property set forth in 21 U.S.C. § 853(n)(1);

WHEREAS, the interests in property forfeited by David Nicoll and Scott Nicoll included any and all ownership interest held in the name, on behalf or for the benefit of David Nicoll or Scott Nicoll in the assets of any and all corporations, partnerships or other entities, and/or their subsidiaries, affiliates and joint ventures, including but not limited to SDA Holdings LLC;

WHEREAS, the members of SDA Holdings LLC are David Nicoll, Scott Nicoll, and Anthony Riotto, with Riotto holding a 15% interest and David Nicoll and Scott Nicoll holding a combined interest of 85%;

WHEREAS, 21 U.S.C. § 853 sets forth the exclusive procedure for the adjudication of third party interests in property subject to criminal forfeiture;

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6) require publication and notice to third parties known to have alleged an interest in forfeited property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), notice of the David Nicoll Preliminary Order was posted on an official government internet site, www.forfeiture.gov, beginning on September 20, 2014, and running for 30 consecutive days through October 19, 2014. Proof of publication was filed with the Court on November 14, 2014 (*United States v. David Nicoll*, Crim. No 13-385 (SRC), Doc. 85);


WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), notice of the Scott Nicoll Preliminary Order was posted on an official government internet site, www.forfeiture.gov, beginning on July 19, 2014, and running for 30 consecutive days through August 17, 2014. Proof of publication was filed with the Court on November 14, 2014 (*United States v. Scott Nicoll*, Crim. No 13-386 (SRC), Doc. 43);

WHEREAS, any person, other than the defendant, claiming an interest in forfeited property is required to file a petition with the court for a hearing to adjudicate the validity of the petitioner's alleged interest in the forfeited property, in accordance with the requirements of 21 U.S.C. § 853(n)(2) and (3);

On or about December 27, 2013, Anthony Riotto, ARR Realty 152 LLC, and Willow Associates LLC, petitioners and interested parties herein ("Petitioners"), filed petitions asserting an ownership interest in SDA Holdings, LLC, trading as Crossroads Sports Bar & Grill, located at 152 Washington Avenue, Little Ferry, New Jersey 07643, including without limitation the liquor license issued to that entity and utilized at 152 Washington Avenue, Little Ferry, New Jersey 07643 and other assets, including various restaurant/bar equipment, with Riotto being at all pertinent times a 15 percent member of SDA Holdings, LLC;

Petitioners allege that Anthony Riotto acquired the right, title and interest in SDA Holdings LLC in 2010 when Riotto became a member of SDA Holdings LLC[2]; and

WHEREAS, the United States and Petitioners are aware of no other third party who has alleged an interest in SDA Holdings LLC; no other petitions to contest the forfeiture of SDA Holdings have been filed; and the prescribed time periods for doing so have expired.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America (the "United States"), by Paul J. Fishman, United States Attorney (Barbara A. Ward, Assistant United States Attorney, appearing), and Anthony Riotto, ARR Realty 152 LLC, and Willow Associates LLC, petitioners and interested parties herein ("Petitioners") (Paul B. Brickfield, Esq., counsel for Petitioners), pursuant to 21 U.S.C. §§ 853(i)(2) and 853(n), to compromise and settle Petitioners' asserted interest in SDA Holdings LLC:

1. Petitioners hereby withdraw with prejudice their second claim for relief.

2. Anthony Riotto will tender to the United States Attorney's Office for the District of New Jersey (the "Office") a bank or certified check in the amount

---

[2] Petitioners also claimed for that Riotto also acquired all right, title and interest in SDA Holdings LLC in 2013, "when co-members David Nicoll and Scott Nicoll abandoned the business and also when SDA Holdings, LLC was evicted from the premises at 152 Washington Avenue, Little Ferry, New Jersey 07643 in November 2013 based on a court order from the Superior Court of New Jersey in Bergen County for failure to pay rent" ("Petitioners' second claim for relief") (*United States v. David Nicoll*, Crim. No 13-385 (SRC), Doc. 45 at 4); *United States v. Scott Nicoll*, Crim. No 13-386 (SRC), Doc. 41 at 4). Petitiomers hereby withdraw with prejudice this claim for relief

of $330,000 payable to the United States Marshals Service (the "Payment"). The Office will hold the Payment in its secure custody and control pending the Court's endorsement and the Clerk of the Court's filing and docketing of this Stipulation and Order.

3. In consideration of the Payment, the combined membership interests of defendants David Nicoll and Scott Nicoll in SDA Holdings LLC (which together constitute an 85% interest in SDA Holdings LLC) are hereby transferred, assigned and conveyed to Anthony Riotto.

4. The foregoing Payment and transfer of interests shall be in full and final settlement and satisfaction of all claims asserted by Petitioners in relation to SDA Holdings LLC and of all claims arising from and relating to any forfeiture of SDA Holdings LLC by the United States in connection with the preliminary orders of forfeiture referenced above. Petitioners waive any rights to litigate further their interest in SDA Holdings LLC and to further pursue remission or mitigation of the forfeiture.

5. Following the Court's endorsement and the Clerk of the Court's filing and docketing of this Stipulation and Order, the Payment shall be deposited and held by the United States Marshals Service for forfeiture in lieu of the interests of David Nicoll and Scott Nicoll in SDA Holdings LLC in the above-captioned cases. The David Nicoll Preliminary Order and the Scott Nicoll Preliminary Order are hereby deemed amended accordingly.

6. Petitioners agree to release and hold harmless the United States and its agents and employees, including but not limited to the United States

Marshals Service, the Federal Bureau of Investigation, and the United States Attorney's Office for the District of New Jersey, in their individual and official capacities, from any and all claims by Petitioners and their agents that currently exist or that may arise as a result of the Government's actions against and relating to SDA Holdings LLC.

7. Petitioners agree not to pursue against the United States any other rights or remedies they may have with respect to SDA Holdings LLC.

8. Petitioners agree to notify the United States Attorney's Office for the District of New Jersey promptly if it learns of any condition that might affect the validity or effectiveness of this Stipulation and Order.

9. Each party agrees to bear their own costs and attorneys' fees.

10. Violation of any terms or conditions herein shall be construed as a violation of an order of the Court.

11. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation.

12. The individual(s) signing this Stipulation on behalf of Petitioners represent and warrant that they are authorized by Petitioners to execute this Stipulation. The undersigned United States signatory represents that she is signing this Stipulation in her official capacity and that she is authorized to execute this Stipulation.

13. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

PAUL J. FISHMAN
United States Attorney

Dated: 11/4/15

By: ______________________
BARBARA A. WARD
Assistant United States Attorney

Dated: 11/3/2015

______________________
PAUL B. BRICKFIELD, ESQ.
Counsel for Petitioners

Dated: 11/3/2015

______________________
ANTHONY RIOTTO
Individually and on behalf of ARR Realty 152, LLC and Willow Associates, LLC

ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation is So Ordered.

ORDERED this 12 day of Nov., 2015.

HONORABLE STANLEY R. CHESLER
United States District Judge